# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
    )
    )
v.     )    Case ID Nos.: 1503000827,
    )    1109008434
    )
BRANDON M. CARRIGAN,     )
    )
Defendant.     )

## ORDER

Submitted: October 10, 2018
Decided: December 13, 2018

*Upon Consideration of the Commissioner's Report and Recommendation on Defendant's Motion for Postconviction Relief,* **ADOPTED**, and *Defendant's Motion for Postconviction Relief* is **DENIED** and **SUMMARILY DISMISSED.**

Brandon M. Carrigan, Wilmington, DE. *Self-Represented Defendant.*

Eric H. Zubrow, Esquire, Department of Justice, Wilmington, Delaware. *Attorney for the State.*

**MEDINILLA, J.**

**AND NOW TO WIT**, this 13th day of December, 2018, upon consideration of Defendant Brandon M. Carrigan ("Defendant")'s October 26, 2017 Motion for Postconviction Relief, his October 26, 2017 Motion for Appointment of Counsel, his May 14, 2018 Motion for Evidentiary Hearing, the Commissioner's August 21, 2018 Report and Recommendation on Defendant's Motion for Postconviction Relief, Motion for an Evidentiary Hearing and Motion for Appointment of Counsel, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.      On March 15, 2016, Defendant pleaded guilty to Aggravated Possession (Tier 1 Heroin), Possession of a Firearm During the Commission of a Felony ("PFDCF"), and Possession of a Firearm by a Person Prohibited ("PFBPP"). As part of the plea agreement, the State sought to have Defendant declared an habitual offender pursuant to 11 *Del. C.* § 4214(a) on the PFBPP charge.[1]

2.      On November 18, 2018, Defendant was sentenced and declared an habitual offender on the charge of PFBPP and sentenced to fifteen years at supervision Level V. As to PFDCF, he was sentenced to five years. For Aggravated Possession (Tier 1 Heroin), Defendant was sentenced to two years at supervision Level V, suspended for transitioning levels of supervision.

---

[1] *See* D.I. #26 (March 15, 2016).

3. Defendant filed his first Motion for Postconviction Relief on August 24, 2017.[2] The Court issued an Opinion, dismissing Defendant's Motion as procedurally barred.[3]

4. On October 26, 2017, Defendant filed this second Motion for Postconviction Relief ("Motion") and a Motion for Appointment of Counsel.[4] In this Motion, Defendant argues that: (1) "The defendant seek[s] to challenge the integrity of one of the prior conviction [sic] used to enhance defendant [sic] current November 18, 2016 conviction (PFBPP) ID 1503000827. Defendant can prove actual innocence and did not commit felony resisting arrest via preliminary hearing trancrips [sic];" (2) "After all partys [sic] sign[ed] written plea agreement part of the plea was crossed out defendant was never advised he had the option to withdraw his plea before sentencing;" (3) "If Defendant was aware that he was able to withdraw his plea before sentencing because of the breach defendant would of [sic] proceeded to trial;" and (4) "Defendant was mislead [sic] into accepting a felony charge after signing a written plea agreement to the lesser included misdemeanor offense."[5]

---

[2] *See* D.I. #39 (Aug. 24, 2017).

[3] *See* D.I. #43 (Aug. 30, 2017).

[4] *See* D.I. #44 (Oct. 26, 2017) [hereinafter Rule 61 Mot.]; D.I. #45 (Oct. 26, 2017) [hereinafter Mot. for Appt. of Counsel].

[5] *See* Rule 61 Mot., at 3-4.

Defendant challenges one of the predicate offenses, felony resisting arrest from April 2012,[6] that was used to declare him an habitual offender.[7] In sum, Defendant challenges the use and validity of the prior 2012 Felony Resisting Arrest conviction that served to enhance his current sentence as a habitual offender. He argues the plea agreement was crossed out after he signed it so he did not know he was pleading to a felony.[8]

5. Delaware Superior Court Criminal Rule 62(a)(5) permits the Court to refer case-dispositive motions, including postconviction relief motions, to a Superior Court Commissioner for "proposed findings of fact and recommendations for the disposition, by a judge, of any such matter."[9] After the Commissioner issues her report, "any party may serve and file written objections" to the report within ten days.[10] The Court must then conduct a *de novo* review of that portion of the

---

[6] *See State v. Carrigan*, Crim. ID No. 1109008434 (Del. Super. Apr. 3, 2012) [hereinafter "2012 Plea Agreement"].

[7] *See generally* Rule 61 Mot.

[8] *See* Rule 61 Mot., at 3.

[9] DEL. SUPER. CT. CRIM. R. 62(a)(5).

[10] Rule 62(a)(5)(ii).

Commissioner's report to which the appealing party objects.[11] In this case, neither party has filed an objection to the Commissioner's Report.[12]

6. Here, the Court referred Defendant's Motion to a Superior Court Commissioner for proposed findings of fact and conclusions of law.[13] The Commissioner enlarged the record on Defendant's Motion, which included requests for responses from Defendant's trial counsel and the State regarding Defendant's allegation that the 2012 plea agreement was modified from a misdemeanor to a felony offense after Defendant signed it.[14]

7. The State responded in a letter that was filed on February 2, 2018. The State denied Defendant's allegation, explaining that the Truth-in-Sentencing form that was signed by Defendant identified the offense as Felony Resisting Arrest.[15] Additionally, the State cites to the Plea Transcript to support that Defendant knew

---

[11] Rule 62(a)(5)(iv).

[12] *See* D.I. #61 (Oct. 10, 2018). Defendant filed a letter on October 10, 2018, explaining that he "would like to convay [sic] in person what I'm trying to convay [sic] in the Rule 61 Motion...." This letter does not meet the requirements of an appeal under Rule 62(a)(5)(ii); therefore, the Court will not consider it as such. The letter was not timely filed within 10 days after the Commissioner's Report was filed, it was not labeled "Appeal from Commissioner's Findings of Fact and Recommendations," and it does not "set forth with particularity the basis for the objections." *See* Rule 62(a)(5)(ii).

[13] *See* 10 *Del. C.* § 512(b)(1)(b) (2013 & Supp. 2016); Rule 62(a)(5).

[14] *See* D.I. #48 (Nov. 15, 2017); D.I. #49 (Nov. 27, 2017) [hereinafter Defense Counsel's Response]; D.I. #54 (Feb. 2, 2018) [hereinafter State's Response].

[15] State's Response ¶ 5.

he was pleading to a felony in his plea colloquy, wherein the Court specifically asked him about his pleading to a felony.[16] On March 22, 2018, Defendant filed a reply letter to the State's Response to his Motion, and shortly thereafter filed a supplemental letter to this reply.[17] In a third letter filed on May 14, 2018, Defendant requested an evidentiary hearing; denied by the Commissioner.[18]

8. On August 21, 2018, the Commissioner issued his Report and Recommendation on Defendant's Motion for Postconviction Relief, Motion for an Evidentiary Hearing, and Motion for Appointment of Counsel ("Commissioner's Report").[19] The Commissioner's Report recommends that the Court deny Defendant's Motion as it is procedurally barred and meritless.[20] The Commissioner first addressed the procedural bars to Defendant's Motion before considering the merits of his arguments,[21] and found that Defendant's Motion was both untimely

---

[16] State's Response ¶¶ 6-7.

[17] *See* D.I. #58 (March 22, 2018) [hereinafter Def.'s Reply]. *See* D.I. #59 (March 27, 2018).

[18] *See* D.I. #60 (May 14, 2018).

[19] *See* D.I. #61 (Aug. 21, 2018) [hereinafter Comm'r Report].

[20] Comm'r Report at 4. The Court notes that the Commissioner's Report and Recommendation does not cite to Defendant's fourth ground for relief provided in his postconviction relief motion. Although this fourth ground for relief is not included, this Court finds that the procedural bars identified by the Commissioner that bar Defendant's other claims similarly bars this alleged ground for relief.

[21] *Id.* at 2.

and that his claims had been previously adjudicated by the Court.[22] Specifically, under Rule 61(i)(1), Defendant's claims attacking the validity of his 2012 felony resisting arrest conviction were untimely as this postconviction motion was filed over four years after his sentencing for that offense.[23] Additionally, the Commissioner found that under Rule 61(i)(4), Defendant made these same arguments in his previously denied motion for postconviction relief filed on August 24, 2017.[24] The Commissioner also found no merit to Defendant's argument that his did not know he was pleading guilty to a felony,[25] evidenced by the record, including the guilty plea paperwork and transcript excerpts cited by the State.[26] The Commissioner's Report also denied both Defendant's request for an evidentiary hearing and his motion for appointment of counsel.[27]

9. The Court has reviewed Defendant's Motion, the Commissioner's Report, and the record in this case. After a careful and *de novo* review, the Court

---

[22] Comm'r Report at 2.

[23] *Id.* at 2-3.

[24] *Id.* at 3. *See* Rule 61(i)(4) ("Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas proceeding, is thereafter barred.").

[25] Comm'r Report at 3.

[26] *Id.* at 3.

[27] *Id.* at 3, 4.

adopts *in toto* the findings of fact and recommendations in the Commissioner's Report. This Court also finds that Defendant's Motion for Postconviction Relief must be summarily dismissed under Rule 61(d)(2).[28] This is Defendant's second postconviction relief motion, he was not convicted after a trial, and he does not plead with particularity the elements of Rule 61(d)(i) or (ii). For these reasons, Defendant's Motion for Postconviction Relief shall also be summarily dismissed under Rule 61(d)(2).

10. Therefore, for the reasons stated above and in the Commissioner's Report, Defendant's Motion is **DENIED** and **SUMMARILY DISMISSED**.

**IT IS SO ORDERED**.

_____
Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Defendant
    Department of Justice
    Office of Defense Services
    Investigative Services Office

---

[28] *See* Rule 61(d)(2)(i) and (ii). Pursuant to Rule 61(d)(2), a second or subsequent motion for postconviction relief "shall be summarily dismissed, unless the movant was convicted after a trial and the motion either: (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive…applies to the movant's case and renders the conviction…invalid." *Id.*

8